IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GODWIN UMOTONG, | § | |
|     Movant, | § | |
| | § | |
| v. | § | No. 3:16-CV-2476-N-BT |
| | § | (3:11-CR-308-N (5)) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

### **FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Godwin Umotong, a federal prisoner, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred this resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Umotong's Section 2255 motion with prejudice.

### I.  BACKGROUND

A federal jury found Umotong guilty of conspiracy to commit healthcare fraud under 18 U.S.C. § 1349, and several substantive counts of healthcare fraud under 18 U.S.C. §§ 1347 and 2, for his participation in an elaborate scheme to defraud Medicare by billing for services that were never performed. *See United States v. Gates*, 624 F. App'x 893, 894 (5th Cir. 2015) (per curiam). After the trial, a Presentence Report (PSR) was prepared to aid the Court at sentencing. *See United States v. Umotong*, No. 3:11-cr-308-N (5) (N.D. Tex.), Dkt. No. 322. As relevant here, the PSR added 16 levels to Umotong's base offense level because

he intended to cause $1,661,046 in losses. *See id.* at 12. That figure represented the total amount that was fraudulently billed to Medicare by two sham clinics during the time that Umotong worked for those clinics. *See id.* at 10 (determining that Umotong worked for Medic between March 2010 and February 2011, and for EHC between August 2010 and February 2011); *see also id.* ("In total, the Medicare program was billed $1,661,046 by Medic and EHC during the defendant's participation in the conspiracy."). The PSR also added 6 offense levels because the defendants' scam harmed more than 250 victims—the "Medicare beneficiaries whose means of identification were used unlawfully and without authority during the offense." *See id.* at 12.

Umotong, through counsel, objected to both increases. Counsel argued that the PSR had overrepresented the amount of time that Umotong had worked at each clinic. Counsel asserted that Umotong had worked only a few months at each clinic; specifically, he worked for Medic only from June 2010 to August 2010, and for EHC only from September 2010 to the end of December 2010. *See United States v. Umotong*, No. 3:11-cr-308-N (5) (N.D. Tex.), Dkt. No. 348 at 1. As for the number of victims, counsel argued that "there is only one victim in this case, the Federal Government." *See id.* at 2.

The Court overruled counsel's objections but imposed a sentence well below the advisory Guideline range—72 months' imprisonment with a two-year term of supervised release. *See United States v. Umotong*, No. 3:11-cr-308-N (5)

(N.D. Tex.), Dkt. No. 449. On appeal, the United States Court of Appeals for the Fifth Circuit affirmed the Court's judgment. *See United States v. Gates*, 624 F. App'x at 899.

Umotong now claims that he was denied his right to effective assistance of counsel at sentencing and on appeal. Specifically, he claims that his sentencing counsel should have objected to the PSR's findings about how long Umotong had worked for each clinic and should have argued that the Government was the only victim of his fraud. *See* Dkt. No. 2 at 18, 20. He also claims that his appellate counsel should have pressed those arguments on appeal.

## II. LEGAL STANDARDS AND ANALYSIS

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To obtain post-conviction relief on a claim that his counsel was constitutionally ineffective, Umotong must satisfy the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that counsel's performance fell below an objective standard of reasonable professional service. *See id.* at 687. Second, he must establish that his counsel's substandard performance caused prejudice. *See id.* at 691-92.

As explained above, Umotong's sentencing counsel raised—and the Court rejected—the exact arguments that Umotong now complains should have been

raised. In his reply brief, Umotong urges that neither issue was "raised and argued by sentencing counsel nor ruled on by the Court." Dkt. No. 9 at 1.[1] The record shows, however, that Umotong is mistaken. His counsel did raise those objections, and the Court expressly overruled them. *See United States v. Umotong*, No. 3:11-cr-308-N (5) (N.D. Tex.), Dkt. No. 348 at 1; *id.*, Dkt. No. 371 at 2 ("The defendant asserted the trial testimony of codefendant [Agopian] established he worked for Medic from June 2010 to August 2010, and for EHC for September 2010 until the end of December 2010 (a total of 7 months)); *id.* at 3 ("Third, the defendant asserted there is only on victim in this case, the government."). *See also id.,* Dkt. No. 478 at 21 (overruling Umotong's objections). Because those objections were raised and rejected, Umotong cannot show that his sentencing counsel performed deficiently or caused him prejudice.

There is also no merit to Umotong's challenges to his counsel's performance on appeal. Umotong argues first that his counsel should have challenged the Court's finding that he had worked for the sham clinics for

---

[1] Umotong was represented by Scott Miller at trial and by Edmond N O'Suji at sentencing. Umotong claims that Mr. Miller, and not Mr. O'Suji, filed Umotong's objections to the PSR. To the extent that Umotong thus argues here that his sentencing counsel was required to independently raise the same objections that his trial counsel had raised, *see* Dkt. No. 9 at 1, there is no merit to his claim for at least two reasons. First, sentencing counsel explicitly adopted all of trial counsel's objections to the PSR at sentencing. *See United States v. Umotong*, No. 3:11-cr-308-N (5) (N.D. Tex.), Dkt. No. 478 at 2. Second, because the Court correctly overruled those objections, Umotong cannot establish prejudice.

4

approximately 18 months. That finding was supported by the interview of Agent Timothy DeFrancesca, who had reviewed Umotong's paychecks from each clinic to determine the dates when he worked for each one. *See United States v. Umotong*, No. 3:11-cr-308-N (5) (N.D. Tex.), Dkt. No. 371 at 2. Had Umotong's counsel challenged the Court's factual finding on direct appeal, the Fifth Circuit would have upheld the finding so long as it was not clearly erroneous. *See, e.g.*, *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). "When making factual findings for sentencing purposes, district courts 'may consider any information which bears sufficient indicia of reliability to support its probable accuracy.'" *United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012) (quoting *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002)). "When faced with facts contained in the PSR that are supported by an adequate evidentiary basis with sufficient indicia of reliability, a defendant must offer rebuttal evidence demonstrating that those facts are 'materially untrue, inaccurate or unreliable.'" *Harris*, 702 F.3d at 231 (quoting *United States v. Huerta*, 182 F.3d 361, 364-65 (5th Cir. 1999)).

    Here, the Court's finding as to Umotong's employment was supported by the Agent's review of his paystubs—an "adequate evidentiary basis with sufficient indicia of reliability" as to when Umotong worked for the sham clinics. Umotong offered no evidence at sentencing to show that those facts were materially false or untrue. Because the Court's factual finding was supported by competent

5

evidence, which established beyond a preponderance of the evidence the dates for which he had worked for the sham clinics, the Fifth Circuit would have rejected any appellate challenge to that finding. It thus follows that Umotong cannot show that his appellate counsel was ineffective for failing to raise that argument.

Umotong's second challenge to his counsel's performance on appeal fails for the same reason—he cannot show prejudice stemming from his counsel's choice to forgo a meritless challenge to the Court's conclusion that there was more than one victim. Under the 2013 U.S.S.G., for "crimes involving 'means of identification,'" the term 'victim' includes 'any individual whose means of identification was used unlawfully or without authority.'" *See United States v. Cardenas*, 598 F. App'x 264 (quoting U.S.S.G. § 2B1.1 cmt. n.4(E)). "'Means of identification' are names and numbers such as social security numbers or dates of birth that are used to identify individuals." *See United States v. Onenese*, 542 F. App'x 427, 429 n.6 (5th Cir. 2013). Here, the evidence showed that the two sham clinics used the "means of identification" of more than 900 victims to submit fraudulent bills to Medicare during the period of time that Umotong worked for them. *See United States v. Umotong*, No. 3:11-cr-308-N (5) (N.D. Tex.), Dkt. No. 322 ("The offense involved a total of 961 Medicare beneficiaries whose means of identification were used unlawfully and without authority during the offense."). Any contrary argument would have lacked merit, and his counsel was not ineffective for failing to pursue it on appeal.

## III. RECOMMENDATION

Because Umotong is not entitled to relief on his ineffective assistance of counsel claims, the Court should deny his Section 2255 motion with prejudice as meritless.

SIGNED July 16, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).